IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND CORDIRO BROWN** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-5187 |
| | : | |
| **SGT. LADDERMORE** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                                              JUNE 5, 2025

Plaintiff Raymond Cordiro Brown, a convicted and sentenced prisoner who is currently incarcerated at SCI Houtzdale, filed a Complaint against various correctional officers asserting violations of his constitutional rights arising from an alleged incident of use of excessive force. ("Compl. (ECF No. 2)). Brown's contemporaneously filed Motion for Leave to Proceed *In Forma Pauperis* was denied because Brown had obtained three prior "strikes" and did not allege an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g). (*See* December 9, 2024 Order, ECF No. 4.)

Currently, before the Court is Brown's Second Motion for Leave to Proceed *In Forma Pauperis*. ("Second Motion" (ECF No. 6)). For the following reasons, the Second Motion for leave to proceed *in forma pauperis* is denied. Brown is required to pay the full filing fee if he wishes to continue with the case.[1]

---

[1]     Also pending is Brown's Motion for Update (ECF No. 5), which seeks information as to the status of this case. The motion will be denied as moot in light of the instant Memorandum and accompanying Order.

I.  **FACTUAL ALLEGATIONS**[2]

Brown asserts individual and official capacity claims against Sergeant Laddermore, Lieutenant. Linder, Corrections Officers ("CO") John Doe 1 and 2, and CO X. Charles based on events that occurred while Brown was incarcerated at the Curran Fromhold Correctional Facility ("CFCF"). (*Id*. at 1.)  Brown alleges that on April 18, 2024, he was experiencing a medical and mental health emergency. (*Id*. at 2.)  Doe 1 did not immediately request medical assistance for Brown but waited until Laddermore and Linder arrived.  Upon their arrival, they ordered Brown back to his cell and denied him medical attention. (*Id*.)  While Laddermore and Linder were attempting to force Brown into his cell, Brown commented that they were incompetent. (*Id*.) While Brown's hands were behind his back, Laddermore ordered Doe 1 to spray Brown with pepper spray because of his comments about Laddermore and Linder. (*Id*.)  Linder did not object to Laddermore's order, or otherwise attempt to stop Doe 1, and Doe 1 sprayed Brown with pepper spray. (*Id*. at 2-3.)

Brown was then handcuffed, and Doe 2 placed him in a restraint hold that subjected his left shoulder to extreme pressure. (*Id*. at 3.)  Charles did not stop Doe 2. (*Id*.)  After their arrival at the medical unit, Doe 2 continued to subject Brown's shoulder to extreme pressure, causing pain. (*Id*.)  Brown alleges that he was complying with Doe 2 and not acting aggressively during this time. (*Id*.)  Based on these facts, Brown asserts Eighth Amendment excessive force and failure to protect claims, and First Amendment retaliation claims against the Defendants. (*Id*.)  He also asserts Eighth Amendment claims for deliberate indifference to his serious medical needs. (*Id*.) He seeks a declaratory judgment and money damages. (*Id*. at 4.)

---

[2]   The factual allegations set forth in this Memorandum are taken from Brown's Complaint and his Second Motion. (ECF Nos. 2, 6.)  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Brown's pleading will be corrected for clarity.

## II.  STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). "[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). The PLRA implemented, *inter alia*, the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). That is, under the PLRA, a prisoner with three prior "strikes" can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

3

Pursuant to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### III.   "THREE-STRIKE" ANALYSIS

#### A.   *Brown Has Accumulated Three Strikes*

The Court concludes that Brown has accumulated at least three strikes for purposes of § 1915(g). In *Brown v. Buck*, No. 14-2866 (E.D. Pa.), by Order dated July 15, 2014, the Court dismissed Brown's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. *See* July 15, 2014 Order, No. 14-2866, ECF No. 7 (dismissing claims as clearly time-barred). The Court's dismissal of Brown's complaint was affirmed on appeal. *See* Order, *Brown v. Buck*, No. 14-3932 (3d Cir. June 12, 2015). The dismissal of this case in its entirety on enumerated statutory grounds constitutes a strike under § 1915(g). *Lomax*, 140 S. Ct. at 1724

("[A] prisoner accrues a strike for any action dismissed on the ground that it fails to state a claim upon which relief may be granted.")

Similarly, in *Brown v. Fitzpatrick*, No. 15-2217 (E.D. Pa.), by Order dated May 18, 2015, the Court dismissed Brown's complaint with prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* May 18, 2015 Order, No. 15-2217, ECF No. 4 (dismissing claims based on the defendants' alleged failure to investigate and prosecute and on absolute witness immunity grounds). The dismissal of this case in its entirety on enumerated statutory grounds constitutes a second strike under § 1915(g). *See Lomax*, 140 S. Ct. at 1724.

In *Brown v. Cohen*, No. 22-2499, 2022 WL 5250274 (E.D. Pa. Oct. 6, 2022), the Court dismissed Brown's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In his Complaint, Brown sought a declaratory judgment, and an injunction vacating his state court criminal conviction and expunging his record. *Id*. at *1. The Court concluded that Brown's request for vacatur of his conviction and expungement of his record was relief not available pursuant to § 1983 but was properly pursed in a petition for writ of *habeas corpus*. *Id*. at *2. Moreover, to the extent that Brown sought other relief, the Court determined that because a favorable outcome on Brown's claims would necessarily imply the invalidity of his criminal conviction, any such claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (explaining that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). *Id.* at *3. The dismissal of this case in its entirety constitutes a third strike under § 1915(g). *See*

*Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021) ("We now join the Fifth, Tenth, and D.C. Circuits in holding that the dismissal of an action for failure to meet *Heck's* favorable-termination requirement counts as a PLRA strike for failure to state a claim. We do so for a simple reason: Any other rule is incompatible with *Heck*."). *See also Brown v. Fowler*, No. 23-1649, 2025 WL 1017760, at *3-*4 (W.D. Pa. April 4, 2025) (revoking *in forma pauperis* status because Brown was determined to be a three-striker, noting that Brown did not challenge the assertion that he was a three-striker, and citing cases).

      **B.**    ***Brown Does Not Allege Imminent Danger***

Because Brown has accumulated three strikes, he can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury related to the claims alleged in his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status, and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate

6

to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality."). Brown's allegations do not meet the imminent danger standard of Section 1915(g). In his Second Motion, Brown alleges in conclusory fashion that he "is in imminent danger of serious physical harm and at the time of this filing of this complaint Plaintiff was and is in imminent danger of irreparable injury to his person." (ECF No. 6, at 3.) However, Brown does not describe the nature of the imminent harm he faces and does not in any way relate the hypothetical harm to the claims raised in his Complaint. *See Abdul-Akbar*, 239 F.3d at 315; *Pettus*, 554 F.3d at 297. The Complaint describes only an isolated event of excessive force and, the Court notes, Brown is no longer incarcerated in the facility where the excessive force is alleged to have occurred. Even liberally construed, Browns' conclusory allegation does not describe how the relief sought in his Complaint (a declaration that his rights have been violated and an award of money damages), if granted, would preclude any alleged danger from becoming a reality. For these reasons, the Court finds that the imminent danger exception does not apply.

### IV. CONCLUSION

Because Brown is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing his Complaint, and since he was not in imminent danger when he submitted this Complaint, the Court will deny Brown's Second Motion pursuant to 28 U.S.C. § 1915(g). Should Brown seek to pursue his claims, he must pay the full filing fee in advance. An appropriate Order follows, which grants Brown an opportunity to pay the fees in the event he seeks to proceed with this case.[3]

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[3] If Clark pays the filing fee, since he is a prisoner, the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.